IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:09-CR-00199-DGK-1 |
| MICHAEL SOTTILARE, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING PRO SE MOTIONS

On July 14, 2010, Defendant Michael Sottilare pled guilty to receiving child pornography (Doc. 21). On July 27, 2011, he was sentenced to a term of 210 months (Doc. 46). Since his sentencing, Defendant has filed numerous motions to reduce his sentence, be released, or otherwise change his situation (*see, e.g.*, Docs. 78, 82, 87 (pro se motions to vacate sentence); Docs. 90, 106 (pro se motions to reduce sentence); Doc. 115 (pro se motion for compassionate release)). Now before the Court are three new pro se motions: (1) Defendant's motion to strike his plea agreement (Doc. 117); (2) Defendant's motion seeking recusal by this Court (Doc. 118); and (3) Defendant's motion seeking a mandatory injunction (Doc. 122). For the reasons outlined below, these motions are DENIED.

**I.  Defendant's motion to strike is DENIED as an unauthorized successive motion under 28 U.S.C. § 2255.**

Defendant argues in his motion to strike his plea agreement that rights under the Freedom of Information Act are never waivable, that his plea agreement violates the statutory maximum sentence, and the only reduction in time he was given was illusory and illegal (Doc. 117). But, as the Government identifies, these claims were properly brought as a § 2255 motion, and thus, this new motion is a successive motion under that same statute (Doc. 119).

Whatever its name, a motion filed seeking relief within the scope of § 2255 is subject to that statutes' restrictions—despite a Defendant's claims to the contrary. *Rey v. United States*, 786 F.3d 1089, 1091 (8th Cir. 2015). This Court previously considered the legality of Defendant's sentence in his original § 2255 claim (case number 12-cv-01033-DGK) and denied relief. The Eighth Circuit denied a certificate of appealability (Doc. 25 in original § 2255 case). It also has not certified a second § 2255 motion as required under §2255(h). Therefore, Defendant's motion to strike his plea agreement is DENIED.

**II.     Defendant's motion for recusal is DENIED.**

Defendant claims, *inter alia*, that this Court's denials of his fourteen prior motions, labeling him a threat to society, and imposing an allegedly illegal sentence, makes this Court unable to proceed in a fair and impartial manner (Doc. 118). This issue was raised in Defendant's initial § 2255 claim, and as this Court noted then, judicial rulings must demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible" before a valid basis for a recusal motion exists. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Here, there is no evidence of favoritism or antagonism—each time the Court has denied Defendant's motions it has provided the legal justification for its decision. Defendant's motion for recusal is DENIED.

**III.    Defendant's motion for an injunction is DENIED as a successive § 2255 motion.**

To the extent that Defendant's claims (Doc. 122) rely on the Government's failure to respond to his above motions, Defendant is factually mistaken, as the record clearly shows otherwise (*see* Doc. 119). To the extent this motion is repetitive of the arguments outlined in Part I, the motion is similarly an unauthorized successive § 2255 motion. Thus, Defendant's motion for an injunction is DENIED.

**IV.    Defendant is PROHIBITED from future filings of unauthorized § 2255 motions.**

Finally, as the Court alluded to in its introduction, both the Court and the Government have expended considerable time and resources responding to Sottilare's incessant and repetitive motions.  In July 2010, Defendant pleaded guilty to a violation of 18 U.S.C. § 2252(a), Receipt of Child Pornography (Doc. 21).  One year later, in July 2011, he was sentenced to 210 months imprisonment, to be followed by 10 years of supervised release (Doc. 46).  Immediately thereafter, Defendant's counsel filed an appeal (Doc. 47, dated Aug. 3, 201).  Defendant also filed his own pro se notices of appeal (Docs. 47, 51).  The Eighth Circuit held Defendant entered his plea agreement knowingly and voluntarily, and it dismissed his appeal (Doc. 63).  No certificate of appealability has been issued.

That has not deterred Defendant from continuously filing motions to this Court:

> Doc. 62 (Feb. 2012), alleging an illegal sentence;
> Doc. 66 (Mar. 2012), alleging the Court is biased and unethical;
> Doc. 69 (Apr. 2012), attacking factual basis of plea and seeking return of property;
> Doc. 76 (July 2012), alleging the Court is biased and unethical;
> Doc. 78 (Aug. 2012), filing successive § 2255 motion;
> Doc. 80 (Apr. 2013), requesting documents;
> Doc. 82 (Oct. 2013), filing successive § 2255 motion;
> Doc. 83 (May 2014), requesting documents;
> Doc. 85 (June 2014), requesting documents;
> Doc. 87 (Nov. 2015), filing successive § 2255 motion;
> Doc. 90 (Oct. 2016), seeking sentence reduction;
> Doc. 100 (Aug. 2017), seemingly alleging an illegal sentence (*see* Doc. 101);
> Doc. 102 (May 2019), asking intervention in execution of sentence;
> Doc. 106 (Feb. 2020), seeking sentence reduction;
> Doc. 111 (Apr. 2020), requesting compassionate release due to COVID-19;
> Doc. 115 (July 27, 2020), requesting compassionate release due to COVID-19;
> Doc. 117 (Sep. 2020), filing successive § 2255 motion;
> Doc. 118 (Oct. 2020), alleging the Court is biased and unethical;
> Doc. 122 (Oct. 2020), filing successive § 2255 motion.

Based on these documented motions, constituting a pattern of frivolous filings and which the Court has continuously denied, it is hereby ORDERED that Defendant Sottilare is PROHIBITED from filing any further motions in this case unless specifically authorized by the Eighth Circuit, and the Clerk of Court is directed to return to movant, un-filed, any further pleadings he may attempt to submit for filing in violation of this order.

**IT IS SO ORDERED.**

Date:  December 2, 2020   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT